JEAN MATKOWSKI v.
THE ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT

SUPERIOR COURT        FAIRFIELD COUNTY        FILE No. 85158

Memorandum filed January 19, 1952.

*Goldstein & Peck,* of Bridgeport, for the Plaintiff.

*George. C. Conway,* Attorney General, and *Harry Silverstone,* Assistant Attorney General, for the Defendant.

CULLINAN, J.   The plaintiff, a practical nurse, was employed at the Restmore Hospital, Stratford convalescent home, from April 17, 1950, to July 26, 1951, during which period she gave medication, administered oxygen, inserted catheters, served meals, made beds, and generally attended to the personal requirements of the patients.  Her hourly wage rate was seventy-five cents from April, 1950, to June, 1951, at which point her compensation was increased to eighty-one and one-half cents per hour.  She voluntarily left her employment on August 5, 1951, because she believed the work she was doing was worth more than the hourly rate of eighty-one and one-half cents. Prior to leaving, the plaintiff submitted a resignation which she agreed to withdraw if she were paid $1 an hour.  Restmore Hospital refused to accede to her demand.

In a claim dated August 5, 1951, the plaintiff applied for unemployment compensation benefits.  The administrator disapproved her claim after determining that she had left her employment without sufficient cause connected therewith.  The plaintiff appealed from the administrator's ruling to the unemployment compensation commissioner for the fourth Congressional district, who, in turn, reversed the administrator, from which reversal the administrator pursues this appeal.

This appeal requires an interpretation of § 7508 of the General Statutes, providing, in part, "An individual shall be ineligible for benefits . . . (2) during the week in which, in the opinion of the administrator, he has (a) left work without sufficient cause connected with his employment . . . and for the next four following weeks."

In Consiglio v. Administrator, 137 Conn. 693, 697, the question was whether the plaintiff, who had left her position to accept a better paying position, had left with sufficient cause connected with her employment within the meaning of § 7508 (2).  The court held that the standard to be applied in the determination of this question is the suitability of the job and then noted that there was nothing in the finding which led to the conclusion that the plaintiff's work was unsuitable because of the remuneration or for any other reason.  The conclusion of the commissioner that she had left without sufficient cause connected with her employment was sustained.

Likewise in this case, there is nothing in the finding to show that the nursing position which Mrs. Matkowski held for fifteen months was either unsuitable from the beginning or became

unsuitable just before she resigned. She was receiving more money during the last two months of her employment than she had previously received. Her sole complaint was: "She believed that the work she was doing was worth more than the hourly rate of 81½ cents." The commissioner says she was justified in asking for $1 per hour, thereby setting himself up as the arbiter of the value of her services. In reaching his conclusion the commissioner failed to exercise his discretion reasonably and abused it since the statute does not confer the broad authority under which he purported to act.

Accordingly the appeal is sustained and the award vacated.