Owen A. Kroeger *v.* Administrator, Unemployment Compensation Act, et al.

Superior Court     Fairfield County     File No. 5962
AT STAMFORD

Memorandum filed October 11, 1963

No appearance filed for the plaintiff (claimant).

*Robert H. Arnold,* of East Hartford, for Norden Division of United Aircraft Corporation.

*Harold M. Mulvey,* attorney general, and *Harry Silverstone,* assistant attorney general, for the Administrator, Unemployment Compensation Act.

MacDonald, J. The plaintiff left his job with the Norden Division of the United Aircraft Corporation on February 28, 1963, after he "was informed in February, 1963 of dissatisfaction with his work by the employer and was given the opportunity to quit." On appeal from a decision of the examiner, the unemployment commissioner concluded: "He quit

rather than face a possible alternative. That quit for those reasons was a quit for insufficient cause." Accordingly, the commissioner reversed the examiner's decision and disqualified the plaintiff from unemployment compensation benefits for the statutory period. The administrator has appealed to this court.

Despite the administrator's claim to the contrary, the language of the commissioner quoted above constitutes a conclusion stated in language sufficiently specific to fall within the language of § 31-236 (2) (a) of the General Statutes, which disqualifies a person for benefits for a four-week period if he has "left work without sufficient cause connected with his employment."

An examination of the transcript of proceedings before the commissioner on April 16, 1963, a copy of which was obtained by the court, discloses that plaintiff, who had been given several opportunities to improve unsatisfactory work, was finally given the choice of resigning or being dismissed. He chose the alternative of resigning rather than of acquiring the disadvantage, in seeking new employment, of having been fired. Regardless of the hard alternative presented to him to "resign or be fired," he submitted his resignation voluntarily and clearly "left work without sufficient cause connected with his employment."

There is nothing in the record of the case at issue indicating that the work was unsuitable, or dangerous to plaintiff's health, or that the facts otherwise fell within the discussion in *Consiglio* v. *Administrator,* 137 Conn. 693 (1951), cited in the administrator's brief. It is a far stretch of the purposes of the act to hold that the job became unsuitable for the plaintiff after he had been advised that his work was unsatisfactory. To so hold would

be tantamount to rewarding employees who leave suitable jobs when told by their employers that their work is unsatisfactory. As a practical matter, the plaintiff cannot eat his cake, in the form of receiving benefits without penalty, and have it too, in the form of a voluntary resignation rather than a discharge on his record of employment.

The appeal is dismissed.