EMILY OPPENHEIMER *v.* ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT, ET AL.

LOISELLE, BOGDANSKI, LONGO, PETERS and O'BRIEN, JS.

Argued March 14—decision released May 29, 1979

---

*Donald E. Wasik,* assistant attorney general, with whom, on the brief, were *Carl R. Ajello,* attorney general, and *Leonard M. Caine,* assistant attorney general, for the appellant (named defendant).

*James E. Rice,* with whom, on the brief, was *Robert J. Berta,* for the appellee (defendant Greater Bridgeport Symphony Society, Inc.).

PER CURIAM. The plaintiff was awarded benefits by the defendant administrator and, upon appeal by the defendant employer, the Greater Bridgeport Symphony Society, Inc., hereinafter designated as the symphony, the appeals commissioner, hereinafter referred to as the commissioner, affirmed the award. The symphony then appealed to the Superior Court which sustained the appeal. This appeal is taken by the commissioner from the action of the Superior Court.

On September 3, 1972, the plaintiff filed for and was awarded benefits for partial unemployment. The symphony appealed from that decision of the commissioner alleging that he erred in finding that the plaintiff was unemployed during the benefit period of September 3, 1972, through October 28, 1972; he erroneously concluded that insufficient evidence was introduced to show that the plaintiff failed to meet the conditions of eligibility as contained within the Unemployment Compensation Act; he failed to interpret evidence as given; and he erroneously concluded that the plaintiff was an employee under the act.

Although the briefs of the symphony seem to include the issue of chargeability, the appeal to the Superior Court as paraphrased above makes it clear that the only issue before the Superior Court and this court is that of the eligibility of the plaintiff.

General Statutes § 31-229 provides in part: "BENEFIT FOR PARTIAL UNEMPLOYMENT. An eligible individual who is partially unemployed throughout a week . . . shall be paid with respect to such week an amount equal to his benefit rate for total unemployment reduced by an amount equal to two-thirds rounded to the nearest whole dollar of the total remuneration rounded to the nearest whole dollar of any nature payable to him for services of any kind during such week. An individual shall be deemed to be partially unemployed in any week of less than full-time work in which he has failed to earn remuneration of any nature amounting to at least one and one-half times his benefit rate for total unemployment rounded to the next highest dollar." The finding of the commissioner was substantially as follows: The plaintiff filed for partial claims for unemployment compensation from September 3, 1972, through October 28, 1972. The total award for the entire period was $38. The plaintiff was hired by the symphony as a musician and paid on an hourly basis according to union scale. The symphony paid the plaintiff by check from which were deducted federal withholding taxes and union dues. The symphony controlled the manner in which the plaintiff performed as a musician. Insufficient evidence was introduced to indicate that the plaintiff had failed to meet any of the conditions of eligibility as contained within the Unemployment Compensation Act.

The commissioner concluded, and his decision was, that the facts found do not support the symphony's contention that the plaintiff was an independent contractor. The symphony, in its motion to correct the finding, requested a finding that the plaintiff did perform in all concerts given during the benefit

period. This was refused, but such omission is not significant as the plaintiff was awarded only partial unemployment benefits and it was not shown that she was an independent contractor. The transcript of the hearing supports the facts found by the commissioner and ultimately supports his conclusion and decision. "Upon an appeal from [an unemployment commissioner's] decision the Superior Court does not try the matter de novo. It is not [the reviewing court's] function to adjudicate questions of fact. Nor may it substitute its own conclusions for those of the commissioner. It may go no further than to determine whether the commissioner acted unreasonably, arbitrarily or illegally. *Lanyon* v. *Administrator,* 139 Conn. 20, 28, 89 A.2d 558. The courts are bound by the findings of subordinate facts and the reasonable conclusions of fact made by the commissioner. *Carper* v. *Administrator,* 139 Conn. 515, 520, 95 A.2d 378; *Almada* v. *Administrator,* 137 Conn. 380, 391, 77 A.2d 765." *Bartlett* v. *Administrator,* 142 Conn. 497, 505, 115 A.2d 671 (1955). The court is legally powerless to alter the commissioner's conclusions if they are reasonably and logically drawn. *Guevara* v. *Administrator,* 172 Conn. 492, 495, 374 A.2d 1101 (1977); *Stapleton* v. *Administrator,* 142 Conn. 160, 165, 112 A.2d 211 (1955).

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendant commissioner.