### Timothy Oslund *v.* Administrator, Unemployment Compensation Act (2196)

Hull, Borden and Spallone, Js.

Argued December 4, 1984—decision released February 12, 1985

*Thadd A. Gnocchi,* assistant attorney general, with whom, on the brief, was *Joseph I. Lieberman,* attorney general, for the appellant (defendant).

*Richard A. Kablik,* for the appellee (plaintiff).

Hull, J. The defendant, administrator of the Unemployment Compensation Act, appeals from the judgment of the trial court which found that it had jurisdiction to hear the plaintiff's appeal, both from the administrator's original decision that he was disqualified from receiving unemployment compensation benefits and from the administrator's later decision finding an overpayment of $2117 and ordering repayment thereof.

The claimant, Timothy Oslund, who had been receiving unemployment compensation benefits following the loss of full-time employment, was denied continued benefits. He was notified of that denial by letter dated April 15, 1982. The administrator found that he had voluntarily left other, part-time employment. A referee affirmed that decision on May 27, 1982, concluding that Oslund did not have "a compelling personal reason for terminating this position and it, therefore, follows that he is subject to disqualification in consequence of this quit . . . ." Oslund did not appeal that decision within the twenty-one days required by General Statutes § 31-248.[1]

In the notice of the referee's decision, Oslund was told that the amount of overpayment to be reimbursed by him would be determined later. A hearing was held on that issue and, on August 24, 1982, Oslund was notified that those arrearages amounted to $2117, which could be offset against future benefits. From this decision, Oslund appealed to the employment security board of review and, upon their affirmation, to the trial court.

The trial court concluded that it had jurisdiction to hear the entire case, and that Oslund "was still entitled to receive benefits and he did not receive them 'through error.' " On this basis, the court found the administrator's finding of an overpayment to be "arbitrary and illegal" and sustained Oslund's appeal.

---

[1] General Statutes § 31-248 provides: "Any decision of a referee in the absence of an appeal therefrom, as herein provided, shall become final on the twenty-second day after the date on which a copy of the decision is mailed to the party. Any decision may be reopened, vacated, set aside or modified, before the twenty-second day after that date on the motion of a party to the proceeding, or on the referee's own motion, on grounds of new evidence, or if the ends of justice so require upon good cause shown. The appeal period shall run from the mailing of a copy of the decision entered after such reopening or modification. Judicial review of any decision shall be permitted only after a party aggrieved thereby has exhausted his remedy before the board, as provided in this chapter. The administrator shall be deemed to be a party to any judicial proceeding involving any such decision and shall be represented in such proceeding by the attorney general."

Although the trial court had jurisdiction over the appeal from the determination of the amount and method of overpayment received by Oslund, that determination was a separate and distinct proceeding from the determination of his ineligibility for benefits.

Oslund expressly admitted in his brief that "[t]he decision as to eligibility was not appealed within twenty-one days and so it became final." Since an appeal from a decision of the referee must be made within twenty-one days,[2] appellate review of the referee's decision on that point was outside of the trial court's limited power to review only claims where all of the statutory requirements have been met. *Mazur* v. *Blum,* 184 Conn. 116, 119, 441 A.2d 65 (1981). The court could not, because of its jurisdiction over Oslund's appeal concerning the amount and form of repayment, thereby resuscitate a long dead appeal from the underlying decision of the administrator.

Since the trial court erroneously found jurisdiction on the disqualification issue and reversed the administrator's decision of disqualification, it did not reach the plaintiff's claim on appeal over which it did have jurisdiction. That claim is that the administrator's finding of an overpayment, together with an order for repayment thereof, was arbitrary, illegal or unreasonable.

There is error, the judgment of the trial court is set aside and the case is remanded to the trial court for further proceedings to consider only the plaintiff's appeal from the board's decision concerning arrearages and repayment thereof.

In this opinion the other judges concurred.

---

[2] See footnote 1, supra.