[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff was employed by the K.W. Griffin Co. Inc., as a production supervisor. Several events lead to the termination of her employment with that company. The plaintiff contends that while at work she was subjected to "a matter of harassment" from the plant superintendent, a Mr. Michael Zygmont. This harassment involved a threat of physical violence. Specifically, on or about May 21, 1989, Mr. Zygmont told the plaintiff to "get away from me or I will punch you in the face". The plaintiff continued to work for the employer until a final incident occurred on June 14, 1989. On that day the plaintiff left her employment believing that her authority and effectiveness as a production supervisor had been completely undermined. She has never claimed that she feared for her personal safety. The administrator denied her unemployment CT Page 9992 compensation benefits and the plaintiff filed a timely appeal. At the appeal's hearing the referee determined that the plaintiff was not entitled to benefits because she left work with no sufficient related cause. The plaintiff appealed the referee's decision to the Board of Review which remanded the case for further proceedings.
On remand, the referee found that the plaintiff was eligible for benefits ruling that "even if the plant superintendent was justified in criticizing the plaintiff, reasonable criticism does not include threat or physical violence to a co-worker. Such a threat is abusive criticism to which no employee need be subjected." There was no finding that the plaintiff feared for her safety as a result of the threat. The employer appealed the referee's decision to the Board of Review. The Board specifically found that he superintendent's threat did not provide sufficient cause for the plaintiff to leave her employment. The plaintiff filed a motion to reopen which was denied and this appeal followed.
General Statutes 31-236(a) (2) (A) provides that an individual shall be ineligible for benefits if it is found that the individual has left suitable work voluntarily and without sufficient cause connected with the work. It is further provided that no individual shall be ineligible for benefits if he/she leaves suitable work for sufficient cause connected with the work. In this State it is well settled that sufficient job related cause for leaving employment exists when it is established that the employee's quit was motivated by a fault with or complaint about the job that rendered the job unsuitable employment for the employee. Consiglio v. Administrator, 137 Conn. 693 (1951).
In this case the issue presented is whether a threat of physical violence directed to a female employee by her male supervisor constitutes sufficient cause for leaving her job. In order for sufficient cause to be found it is necessary that the threats render the job unsuitable for the employee.
In the context of labor relations, our courts have recognized that in refusing to cross a picket line "fear of bodily harm may become an important and at times a decisive factor in determining whether the employment of the person was voluntary or not." Lanyon v. Administrator, 139 Conn. 20, 33 (1952). In Lanyon, the court found that when prevailing conditions create in the employee a "real and genuine fear that in reasonable probability, he will suffer personal injury," his refusal to cross the line will be CT Page 9993 deemed involuntary for the purpose of unemployment benefits". Id. at 34. Applying this rationale to this case it would seem that if an employee harbors a real and genuine fear of personal injury because of his/her supervisor's threats, the resulting quit should not render the employee ineligible for benefits.
In other jurisdictions, threats of physical violence which result in an employee leaving his/her job will not disqualify the employee from receiving unemployment compensation if the threat creates a genuine fear for personal safety. In Condo v. Board of Review, 385 A.2d 920, 922 (1978, N.J.) the court stated that "threats of physical violence directed to an employee from which he may reasonably conclude that his personal safety is in danger thereby inculcating a genuine fear in the employee is an abnormal working condition. As such, it constitutes good cause for that employee to voluntarily leave his employment. An employee cannot reasonably be expected to stay on the job where such threats of physical violence have been made to him."
Relying on the Condo case, supra, the Washington Supreme Court has held that "threats of physical violence directed to a worker by a co-worker, from which the worker could reasonably conclude that her personal safety was endangered, and which inculcated genuine fear in her, furnished good cause for leaving her employment and did not disqualify her from receiving unemployment benefits." Coleman v. Employment security Department of Washington, 607 P.2d 1231
(1980 WA).
In this case the referee found that the threat in question presented "a specific threat of violence to the claimant" and as such the supervisor's conduct exceeded the bounds of acceptable criticism and furnished grounds for quitting. The Board of Review found that this incident was not the cause of the plaintiff's leaving her employment but rather found that she left voluntarily, without sufficient cause.
This court, in hearing an unemployment compensation appeal, does not hear the case de novo. The function of the court is to sit as an appellate court in reviewing the record certified by the Board of Review. Finkenstein v. Administrator, 192 Conn. 104, 112
(1984). The court is bound by the findings of fact and reasonable conclusions of law applied by the Board in making its determination as to whether the decision of the Board is arbitrary, unreasonable or illegal. The legal conclusions of the Board must stand if they result from a correct application of the law to the findings of CT Page 9994 fact and could reasonably flow from the findings. Robinson v. Unemployment Security Board, 181 Conn. 1 (1980). The court's review is limited by the terms of 4-183(j).
While the court readily agrees with the implication contained in the referee's finding that under no circumstances can threats of violence be tolerated in the workplace, the referee failed to engage in an analysis of the act of threatening which is essential to a finding of employee justification. General Statutes 53a-62(a) (1) makes the act of threatening a class A misdemeanor. As with other crimes, threatening consists of certain elements, one of which is that the victim perceive or reasonably apprehend that his/her personal safety is in danger. While the Board of Review likewise failed to engage in this analysis it is implicit in its findings. As the Board stated, the claimant admitted under oath at the July 21 hearing that if the June 14 incident had not occurred she would not have quit. The transcript of both the July and October hearings are devoid of the slightest reference to genuine physical fear, although there is considerable evidence that the plaintiff's relationship with her supervisor was stressful. While this court hastens to condemn any act of intimidation perpetrated by a male against a female this claimant clearly states that she left her employment because she believed that her authority and effectiveness had been undermined.
The Board did not act arbitrarily, unreasonably or in abuse of its discretion and therefore the appeal is dismissed.
Mottolese, J.