[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff in this case, the commissioner of the state department of labor, appeals a decision of the defendant occupational safety and health review commission that imposed civil penalties against the defendant city of Norwich on account of violations of certain safety regulations. The plaintiff's appeal is authorized by General Statutes §§ 31-378 and 4-183. The court finds the issues in favor of the defendants.
The facts essential to the court's decision in this case are set forth in its decision in a companion appeal,City of Norwich v. Occupational Safety and Health ReviewCommission, Superior Court, judicial district of Hartford/New Britain, CV 93 053 14 50 (OSHRC I). The plaintiff commissioner raise two issues as the bases of his appeal: (1) that the commission erroneously determined that Items 1, 2 and 3 constituted only "serious" violations of the applicable regulations, rather than "wilful" violations as the plaintiff had found; and (2) even if the commission was correct in its assessment of Items 1, 2 and 3, the commission exceeded its authority in reducing the penalties imposed by the plaintiff, rather than remanding the case to the plaintiff so that the plaintiff could determine the appropriate penalties.
In OSHRC I, this court held that the commission's decision that items 1, 2 and 3 constituted serious, not wilful, violations of the regulations must be affirmed. Accordingly, the plaintiff may not prevail on that issue in this case.
The plaintiff claims that the commission exceeded its authority when it reduced the penalties imposed by CT Page 10938 the plaintiff after finding that the violations in question were not wilful. The plaintiff contends that the commission should have remanded the case to the plaintiff, as the original fact finder, so that the plaintiff could find the facts necessary in arriving at an appropriate penalty. The plaintiff cites Persico v.Maher, 191 Conn. 384 (1983), for the proposition that "where a trial court has found that an administrative agency has made invalid or insufficient findings, such court must remand the matter to the agency for further proceedings." Id. 410. The plaintiff also cites UnitedParcel Service Inc. v. Administrator, 209 Conn. 381
(1988), and Fellin v. Administrator, 196 Conn. 440
(1985), for the proposition that a remand is required even where the initial administrative determination did not require the findings made necessary by the court's subsequent decision.
The cases cited by the plaintiff in support of his contention that a remand is required were appeals from decisions of administrative agencies to the Superior Court. Under the statutes applicable to those appeals, the court had no fact finding role but, rather, was limited to the record of the administrative proceedings. In the present case, by contrast, the commission heard the appeal from the plaintiff's citation and assessment of penalties as a fact finder, de novo. See General Statutes §§ 31-376(f) and 31-377(c). These statutes also explicitly authorize the commission to "sustain, modify or dismiss a citation or penalty" initially assessed by the plaintiff commissioner of labor. Accordingly, the commission acted within its authority in reducing the penalties initially imposed by the plaintiff in this case.
The appeal is dismissed.
MALONEY, J.