[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal, pursuant to Conn. Gen. Stat. §31-249b, from a decision of the Employment Security Board of Review denying unemployment compensation benefits to the plaintiff, Louise A. Urbanowicz. For the reasons briefly stated below, the appeal must be dismissed.
The record reveals that the plaintiff was a full-time nanny for the employer. She last worked for the employer on January 12, 1996. The facts pertaining to her departure are sharply contested. The employer contends that she left work voluntarily. The plaintiff contends that she did not. The Administrator and, subsequently, an Appeals Referee agreed with the plaintiff. On May 31, 1996, however, the Board of Review sustained the employer's appeal and denied benefits to the plaintiff. The plaintiff filed a timely appeal to this court.
Conn. Gen. Stat. § 31-236 (a)(2)A), as modified by 1995 Conn. Acts 95-323, § 3, provides that an individual shall be ineligible for benefits "if, in the opinion of the administrator, he has left suitable work voluntarily and without good cause attributable to the employer." The Board of Review, in a detailed decision, found that the plaintiff's "separation was a voluntary leaving" and that there was no "good cause attributable to the CT Page 1448 employer for leaving her employment."
The plaintiff contends on appeal that the separation from her employment was involuntary. Her entire argument, however, is factual rather than legal. As she candidly acknowledges in her brief, "What this whole situation boils down to is which party is telling the truth." Brief of plaintiff at 7.
Under these circumstances, the role of the Superior Court is a very limited one. "To the extent that an administrative appeal, pursuant to General Statutes § 31-249b, concerns findings of fact, a court is limited to a review of the record certified and filed by the board of review. The court must not retry the facts nor hear evidence." United Parcel Service, Inc. v. Administrator,209 Conn. 381, 385 (1988). (Footnote omitted.) "The scope of such judicial review is in turn limited to the question whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." Fellin v. Administrator, 196 Conn. 440, 445
(1985).
It is clear from the plaintiff's brief and argument that her sole wish on appeal is for the court to retry the facts. This is precisely what the law prohibits the court from doing. A careful review of the record reveals that the administrative action appealed from was not unreasonable, arbitrary, illegal or an abuse of discretion.
The appeal must consequently be dismissed.
Jon C. Blue Judge of the Superior Court