[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal, pursuant to Conn. Gen. Stat, § 31-249b, from a decision of the Employment Security Board of Review denying unemployment benefits to the plaintiff, Richard A. Draghi. For the reasons briefly stated below, the appeal must be dismissed.
The record reveals that in 1992 the plaintiff was an employee of the Town of Wallingford. On February 6, 1992, he purchased cocaine in the employer's parking lot during work hours. He was subsequently discharged. The sole issue argued by the plaintiff on appeal is the factual reason for his discharge. (The plaintiff also claimed in his original appeal that the time taken by the Board of Review in deciding his case deprived him of his due process rights, but this claim is not argued in his brief and is deemed abandoned.)
The appeals referee found that the cocaine purchase just described in fact occurred but further found that the plaintiff was actually terminated for poor attendance and poor work performance. The Board of Review found that the plaintiff was discharged for felonious conduct. The record plainly justifies this latter conclusion.
Under these circumstances, the role of the Superior Court is a very limited one. "To the extent that an administrative appeal, pursuant to General Statutes § 31-249b concerns findings of fact, a court is limited to a review of the record certified and filed by the board of review. The court must not retry the facts nor hear evidence." United Parcel Service, Inc v. Administrator,209 Conn. 381, 385 (1988). (footnote omitted.) "The scope of such judicial review is in turn limited to the question whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." Fellin v. Administrator, 196 Conn. 440, 445
(1985).
The record in this case shows that the plaintiff committed felonious conduct on the employer's property during working hours. He was consequently ineligible for benefits. Conn. Gen. Stat. § 31-236 (a)(2)(b). The Board of Review's finding that the plaintiff was discharged for this reason was not unreasonable, arbitrary, illegal or an abuse of discretion.
The appeal is dismissed. CT Page 6592
Jon C. Blue Judge of The Superior Court